PERMELIA CURTIS *et al.* v. THE BOARD OF EDUCATION
OF THE CITY OF TOPEKA.

1. LOT, *Deeded for School-House — No Other Purpose — Successors in Office.* A deed of conveyance was executed by the owner of a certain lot situated within a certain school district, conveying the lot in fee and forever to the members of the school board and to "their successors in office, for the erection of a school-house thereon, and for no other purposes," and afterward that portion of the school district within which the lot was situated was severed from the remainder of the school district, and placed within the corporate limits of an incorporated city. *Held,* That the school officers of such city became and are the "successors in office" of the officers of the school district.

2. DEED, *Construed — Use of Property — Limitation.* In such a case the conveyance did not create an estate merely upon condition either

precedent or subsequent, but the words "for the erection of a school-house thereon, and for no other purposes," constituted only a limitation upon the manner in which the property should be used.

3. CONDITIONS SUBSEQUENT, *Never Favored in Law.* Conditions subsequent, which render estates already vested liable to be forfeited, are never favored in law, and no deed will be construed as creating such a condition unless the language to that effect is so clear that no room is left for any other construction.

*Error from Shawnee Superior Court.*

THE opinion states the nature of the action, and the facts. Judgment for the defendant *Board of Education,* at the January term, 1887. The plaintiffs *Curtis* and two others bring the case to this court.

*Case & Curtis,* for plaintiffs in error.

*Douthitt, Jones & Mason,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Permelia Curtis, William H. Curtis and Orrin A. Curtis against the board of education of the city of Topeka, to have a forfeiture declared of the defendant's title, whatever it might be, to lot numbered 91, on Kansas avenue, originally in the town of Eugene, but now in the city of Topeka, on the north side of the Kansas river, and to have the title to such real estate declared to be in the plaintiffs. The case was tried before the court without a jury, and the court made special findings and conclusions of fact and law, and rendered judgment in favor of the defendant and against the plaintiffs for costs of suit; and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

The facts of the case appear to be substantially as follows: On August 31, 1866, and prior thereto, William Curtis owned the property now in controversy, and with his wife, Permelia Curtis, conveyed the same by a certain warranty deed to School District No. 45, of Shawnee county, Kansas, which school district included all the territory of the town of Eugene, and

much other territory; which deed, omitting some of the formal parts, and the signatures and acknowledgment, reads as follows:

"This indenture, made this 31st day of August, 1866, between William Curtis and Permelia Curtis his wife, of the county of Shawnee and the State of Kansas, of the first part, and A. Rambo and B. F. Vanhorn as school board of district numbered 45, of the county of Shawnee and state of Kansas, witnesseth: That the said parties of the first part, in consideration of one dollar to them duly paid, have bargained and sold, and by these presents do grant and convey to the said parties of the second part, *their successors in office, for the erection of a school-house thereon, and for no other purposes,* lot number 91, Kansas avenue, in the town of Eugene, Shawnee county, state of Kansas, with the appurtenances, and all the estate, title and interest of the said parties of the first part therein; and the said parties of the first part do hereby covenant and agree with the said parties of the second part, that at the time of the delivery hereof the said parties of the first part were the lawful owners of the premises above granted, and seized thereof in fee simple absolute, and that they will warrant and defend the above-granted premises in the peaceable possession of the said parties of the second part and their successors forever."

In the execution of this deed a printed blank was used, but the foregoing words in italics were and are in writing. This deed was duly recorded on September 4, 1866. The officers of the school district immediately took the possession of the property conveyed, erected a school-house thereon, and maintained a school therein up to April 11, 1867, when that portion of the school district which was known as the town of Eugene was severed from the remaining portion of the school district, and was annexed to and incorporated within the city of Topeka, which city was then School District No. 23; and immediately afterward the school officers of the city of Topeka took the possession of the property, and continuously held the possession thereof until May 5, 1883, and used it continuously for school purposes up to 1881 or 1882, with the possible exception of the period from 1869 to 1873. In 1867 the school board of the city of Topeka constructed

a new school-house on the property, which remained thereon until June 16, 1882, when it was sold and removed. In March, 1873, the aforesaid William Curtis died, leaving the plaintiffs in this action as his sole heirs — the aforesaid Permelia Curtis being his widow. On April 2, 1873, the School District No. 45 sold and conveyed by a quitclaim deed the property in controversy to the present defendant, for the sum of $400. On June 16, 1882, the school-house on said property was sold and removed therefrom, as aforesaid. During that year and the next year the defendant offered the property for sale for the purpose of procuring money to build a new school-house elsewhere, and early in 1883 entered into a contract with C. L. Haywood to sell the property to him, but no sale was ever consummated, and the aforesaid contract was finally abandoned by both parties. On May 5, 1883, the plaintiffs took the possession of the property, and have remained in the possession thereof ever since. On March 3, 1884, the defendant took steps to build a new school-house on the property in controversy, and procured plans, specifications, etc., therefor, when on April 4, 1884, this action was commenced, which stopped all further proceedings. Since that time the property has been taxed, and the taxes paid by one of the plaintiffs.

We think, upon the foregoing facts, the members of the board of education of the city of Topeka are properly speaking and in law, the "successors in office" of the members of the school board of School District No. 45 with respect to the property in controversy, and as such successors in office are entitled to all the rights and privileges with respect to such property as the school officers of School District No. 45 would have under the same circumstances if the property still remained within the territorial boundaries of School District No. 45; therefore the deed executed by the school officers of School District No. 45 to the board of education of the city of Topeka can have no practical effect or force in this case. It is useless; for what it attempted to effect had already been effected. It was probably equitable for the school board of

*1. Lot, deeded for school-house—no other purpose— successors in office.*

the city of Topeka to pay to School District No. 45 the sum of $400 for the property acquired by the city school district from School District No. 45, yet neither the payment of such sum of money, nor the aforesaid deed of conveyance from School District No. 45 to the city school district, can affect any question involved in this case.    That the city of Topeka as represented by its board of education is a school district, see the case of *Knowles v. Board of Education*, 33 Kas. 692.    But if the school officers of the city of Topeka are not the successors in office of the school officers of School District No. 45, for the purposes of this property, and if the school district of the city of Topeka for that reason is and has been all the time since April 11, 1867, holding the property in controversy illegally and as trespassers, and adversely to the rights of the plaintiffs, then the fifteen-year statute of limitations has barred the plaintiffs' present action, for the school district of the city of Topeka has held and controlled the property in controversy from April 11, 1867, up to May 5, 1883, over sixteen years continuously, and before the commencement of this action.

With the exception of a certain condition or limitation hereafter to be mentioned, everything pertaining to the property in controversy, fee and all, was conveyed by Curtis and wife to the school officers of School District No. 45 and to their successors in office *"forever."*    That condition was and is as follows: The property was conveyed "for the erection· of a school-house thereon, and for no other purposes."    We have quoted the condition or limitation literally, and it is all contained in the above-quoted words.    It is claimed by the plaintiffs that by these words a school-house was not only to be erected upon the property in controversy, but also that such school-house, or some other school-house, should be maintained thereon forever, and that a school should be maintained in such school-house forever.    To this extent we are inclined to agree with the plaintiffs.    But they further claim that by these words only an estate upon condition subsequent was created, and that for any breach of such condition, as by failing to erect a school-house on the property, or to afterward

maintain the same or to maintain a school upon the property, a forfeiture of the title would ensue, and that the title would revert and become vested in the grantors or their heirs; or at least that the grantors or their heirs might for any breach of the supposed condition, reënter the premises and reinvest themselves with the title.    Whether this claim is correct or not, is the principal question in this case.    On the other hand, the defendant claims that the foregoing words constitute at most only a limitation upon the manner in which the property should be used, and also claims that even if such words should be held to constitute a condition either precedent or subsequent, still that the condition was fulfilled and performed when the first school-house was erected on the property in 1866 by School District No. 45, citing as authority for this claim the cases of *Mead v. Ballard,* 7 Wall. 290, and *Taylor v. Binford,* 37 Ohio St. 262.    We are inclined to agree with the defendant, that the foregoing words constitute only a

2. Deed, con-
strued—use of
property—
limitation.

limitation upon the manner in which the property in controversy should be used, and do not constitute either a condition precedent or subsequent upon which only the estate is held.    They in effect create a covenant that the property shall be used in a particular way, and the property has never in fact been used in any other way since the deed was executed *except by the plaintiffs themselves.* There are no words in the deed stating that the estate was or should be conveyed "upon condition," or that it might be "forfeited" under any circumstances whatever, or that the estate might under any circumstances "revert" to the grantors or their heirs, or that they might under any circumstances ever have the right to "reënter" the premises.    Nor was the estate conveyed or to be continued in existence upon any such terms as "provided" or "if" something in the future should be done or not done, or happen or not happen.    Indeed, there is nothing sufficiently strong in any part of the deed, or in the whole of the deed, to indicate that the estate was conveyed or intended to be conveyed upon any condition, either precedent or subsequent; but taking the whole of the deed together, it

shows that an absolute estate in fee simple, and the whole of the estate, was intended to be conveyed and was conveyed, and was to continue in the grantees, the school officers of School District No. 45 and their successors in office, "*forever*," the property to be used, however, only for school purposes. The authorities are uniform, that estates upon condition subsequent, which after having been fully vested may be defeated by a breach of the condition, are never favored in law, and that no deed will be construed to create such an estate, unless the language to that effect is so clear that no room is left for any other construction. (2 Devlin on Deeds, § 970, *et seq.*, and cases there cited.) And as illustrations generally of the disfavor with which conditions subsequent are considered by the courts, and as having some application to this case, see the following cases: *Packard v. Ames*, 16 Gray, 327; *Rawson v. School District*, 7 Allen, 125; *Chapin v. Harris*, 8 id. 594; *Sohier v. Trinity Church*, 109 Mass. 1; *Lareree v. Carleton*, 53 Me. 211; *Emerson v. Simpson*, 43 N. H. 475; *Wier v. Simmons*, 55 Wis. 627; *Mills v. Evansville Seminary*, 58 id. 135; *Stanley v. Colt*, 5 Wall. 119.

3. Conditions subsequent, never favored in law.

We think the property in controversy belongs to the school district of the city of Topeka, to be used for school purposes only. If it should ever be used for any other purpose, then any person injured thereby would have his action for damages, or his action to enjoin the parties from so using it; and possibly circumstances might occur or be brought into existence under which the courts would hold that the title to the property had been forfeited; but no such case is presented in the present action.

The judgment of the court below will be affirmed.

All the Justices concurring.