THE BOARD OF EDUCATION OF KANSAS CITY v. SCHOOL DISTRICT No. 7, IN WYANDOTTE COUNTY.

SCHOOL DISTRICT, *Divided—Control of School Property—Injunction.* A school district was divided by an extension of city limits, and the school-house being in that part of the district taken into the city by the extension, the board of education attempted to take possession of and exercise control over it; the officers of the school district refused to allow this to be done, and a temporary injunction was allowed, restraining them from any interference with the action of the board of education; but on motion of the school-district officers, the order of injunction was vacated: *Held,* that the trial court did not commit error in vacating such order, as it was not equitable.

*Error from Wyandotte District Court.*

INJUNCTION, vacated ·November 9, 1888. The facts are stated in the opinion.

*Hutchings & Keplinger,* for plaintiff in error.
*Alden, McGrew & Watson,* for defendant in error.

Opinion by SIMPSON, C.: By an extension of the boundaries of the city of Kansas City, a part of the territory of School District No. 7 of Wyandotte county was brought within the limits of said city, and on the portion of said school district thus added to the city was situate a school-house belonging to District No. 7. This school-house, known as "Stewart's School-House," was built by District No. 7 on an acre of ground conveyed in fee to said district by Sarah Driver on the 26th day of September, 1867. Just how the district was divided by the extension of the city limits, and what portion was left out and what part taken into the city, is not disclosed by the record. Enough is said, however, to show that a large number of school children were left within the original district. After the extension of the city limits the board of education of the city of Kansas City attempted to take possession of and exercise control over said school-house. The director of School District No. 7 resisted these attempts at control of

the school-house by the board of education of the city, and this action was commenced by the board of education to restrain the officers of the school district from any interference with the control of the board over the school-house. An order of injunction was issued and served with the summons, but a motion to vacate the order was sustained; and from this ruling the case is brought here for review.

The decision of this case must be controlled by equitable considerations; for while the statutes of the state have made provisions for the disposition of the property of a school district when the same is abolished or discontinued, and when a school district is divided by the county superintendent, or when by his action a part of the territory of a school district is detached and put into another or new district, no express provision is made where a school district is divided by reason of an extension of city limits absorbing a part of it. The case of *Curtis v. Board of Education*, 43 Kas. 138, is not controlling, because it appears from the record in that case that School District No. 45 conveyed the school-house property by a warranty deed to the board of education of the city of Topeka, in consideration of $400. This, under the statute, the school district was authorized and empowered to do by § 28, subdivision 6 of the school law. The general rule respecting such matters is, that where a part of the territory of a county, township or school district is detached for any purpose, the original municipal corporation still retains its property rights, powers, and privileges, and remains subject to its duty and obligations, unless some express provision to the contrary be made by the act authorizing the separation.

As we have said, there is no provision of the statute that provides for an adjustment of the rights of the board of education and the officers of the school district in a case of this kind. We cannot say, as a matter of law, that the board of education or the city became the owner of the school-house by reason of its being taken into the city by an extension of its limits. There ought to have been some adjustment of property rights between the parties, but as the case stands

36 — 45 KAS.

we could not reverse the judgment of the court below, except upon the theory that School District No. 7 had been divested of its ownership of the school-house by reason of its absorption by the city by the extension, and this we cannot do. No attempt has been made to adjust the conflicting claims upon an equitable basis. On the record and the facts presented by it, we recommend that the order vacating the temporary injunction be affirmed.

By the Court: It is so ordered.

HORTON, C. J., and JOHNSTON, J., concurring.

VALENTINE, J.: I concur in the result reached, and in affirming the order vacating the temporary injunction.