No. 23,093.

School District No. 100, Wilson County, *Appellant,* v. Emily J. Barnes et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Gift of Land for Schoolhouse Site—*Land Accepted—Nature of Title of School District to the Land.* Findings of fact that an owner of land offered a schoolhouse site to a school district and that the offer was accepted by the district were supported by the evidence, and a further finding limiting the right of the district to that of occupancy of the land for school purposes was not inconsistent with the former findings.

2. *Quieting Title—Admission of Certain Evidence Not Prejudicial.* The admission of parol evidence concerning the terms of an offer of land to a school district for a schoolhouse site was not prejudicial even if the evidence was inadmissible.

3. Same—*Rulings Relating to Findings Not Erroneous.* No error was committed in refusing to set aside findings of fact and conclusions of law or in refusing to make other findings of fact and conclusions of law.

4. Same—*School District Not Authorized to Lease Any Portion of the Site for Commercial Purposes.* An offer to give to a school district land for a schoolhouse site and an acceptance thereof by the school district followed by undisputed occupancy for school purposes for more than thirty years does not convey to the school district the right to give an oil and gas lease to a third person so as to permit him to take from the land oil or gas for commercial purposes.

Appeal from Wilson district court; Shelby C. Brown, judge. Opinion filed December 10, 1921. Affirmed.

*E. D. Mikesell,* of Fredonia, for the appellant.

*A. H. Ward,* of Neodesha, *W. H. Edmundson,* of Fredonia, and *T. J. Flannelly,* of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to quiet its title to one acre of ground occupied for a schoolhouse site. Judgment was rendered in favor of the plaintiff quieting its title to the land for school purposes, in favor of all the defendants, except the Prairie Oil & Gas Company, giving to them the fee title to the land subject to the rights of the school district, and in favor of the Prairie Oil & Gas Company, decreeing that the lease given to that company by William Barnes and Emily J. Barnes, his wife, during the lifetime of William Barnes, was a good and valid lease of the land subject to the rights of the school district to occupy the land for school purposes. The plaintiff appeals.

Findings of fact and conclusions of law were made that must be examined to understand the judgment that was rendered and the questions that are presented by the plaintiff. Those findings of fact and conclusions of law are as follows:

"1. In 1882 J. C. Witham was the owner of the lands occupied by School District No. 100, Wilson County, Kansas, the fee simple title to which, said school district, the plaintiff herein, claims in this action.

"2. On the 31st day of July, 1882, said J. C. Witham offered to School District No. 100, plaintiff herein, two acres of his farm for a school site.

"3. On the 10th day of August, 1882, School District No. 100 accepted the school site so offered by said J. C. Witham on the 31st day of July, 1882.

"4. Pursuant to the offer and acceptance referred to above, School District No. 100, took possession of the land claimed herein, and in 1883 erected a schoolhouse and outbuildings thereon and has occupied said land for school purposes continuously since that time.

"5. On the 17th day of November, 1882, J. C. Witham sold the land described in plaintiff's petition and which included the land upon which said schoolhouse was erected, to William Barnes, deceased, husband of the defendant, Emily Barnes, and father of the defendants who with their mother, Emily Barnes, represent the Barnes estate in this action. Said land was sold to William Barnes without any reservation as to the school property.

"6. School District No. 100 has never sought to use said premises for any other than school purposes from 1882 until the 30th day of September, 1918, the date upon which they gave the oil and gas lease to the interpleader, B. E. Price, under which said lease, said interpleader Price drilled an oil well on said school site.

"7. No hostility ever existed between the School District and Barnes as to the occupation and use of said land while occupied and used by said school district for school purposes.

"8. Interpleader Price had written notice from defendants Barnes, and interpleader, the Prairie Oil and Gas Company, as to their claims before he began to drill the oil well on said premises.

School District v. Barnes.

"9. Defendant, the Prairie Oil & Gas Company, have had and now have an oil and gas lease on said premises since November, 1900.

### "CONCLUSIONS OF LAW.

"1. The offer of J. C. Witham of a school site and the acceptance thereof by School District No. 100, transferred to the said school district, the right to said lands for school purposes only.

"2. The fee simple title to the property in litigation herein, being the school site on District No. 100, is in the Barnes estate except the rights of the school district to use said property for school purposes.

"3. The right of use of the surface of the land for school purposes is in School District No. 100. Neither the Barnes heirs, The Prairie Oil & Gas Company, nor any other person have any right in or to said premises, which would in anywise interfere with the occupation or use of said premises by School District No. 100, for school purposes, without its consent.

"4. School District No. 100 not having the title to the minerals in said land, had no right to execute the Price lease and the same is invalid.

"5. Defendant, the Prairie Oil and Gas Company, has a valid lease on the school property subject to the rights of said school district as above set out; said lease gives no right to said company to go upon said land or do or perform anything that would in the least interfere with the use of said school district of said lands for school purposes."

1. One contention of the appellant is that "the court erred in its findings of facts." This contention is in two parts. One is that the second and third findings do not accord with the record made by the clerk of the school district. A portion of that record made on July 31, 1882, at a special district meeting then held, corresponding to the second finding of fact reads:

"We then discussed a school site, and J. C. Witham offered to give two (2) acres of a certain portion of his farm. It was left to be considered at the regular meeting."

A portion of that record made at the annual school meeting held on August 10, 1882, corresponding to the third finding, reads:

"School site accepted."

Seemingly the appellant argues that these findings were not supported by the records quoted. If this is the plaintiff's argument, it is unsound for the reason that the findings are substantially the same as the records.

The other part of the contention is that "in the light of findings two and three, findings number six and seven in which the court limited the present use of the property by the appellant for school purposes, were erroneous." Findings six and seven hardly bear the construction placed on them by the plaintiff. These findings are

entirely consistent with findings two and three. Neither part of the contention of the plaintiff is good.

2. The plaintiff complains of the admission of certain evidence. Emily J. Barnes was permitted to testify that she told a member of the school board in 1883 that she would not sign a deed until they put a belfry and bell on the schoolhouse, and that she would sign a deed for school purposes only. J. C. Witham was permitted to testify concerning the conditions of the offer made by him. Even if that evidence were erroneously admitted, the court is unable to see wherein it materially prejudiced the plaintiff, for the reason that if the title of the plaintiff was acquired by grant from Witham or by dedication by him, the record of the school district recites the conditions of that grant or dedication and the findings of the court correspond with the record; and, for the further reason, that if the plaintiff has acquired title by adverse possession, the character of that possession determines the extent of the plaintiff's title.

3. The plaintiff argues that the court committed error in refusing to set aside the findings of fact and conclusions of law and to substitute therefor the findings of fact and conclusions of law requested by the plaintiff. The first six of the findings requested were in substance contained in the findings made by the court, and it was not necessary to repeat them. Other findings requested were as follows:

"7. That on or about the 7th day of November, 1900, William Barnes and wife executed a lease to the Forrest Oil Company, covering the east half of the east half of the southeast quarter of section twenty-one, township 30, range 16 east, in Wilson County, Kansas, without accepting the land occupied by the plaintiff.

"8. That the Prairie Oil & Gas Company never drilled or conducted any operations of any kind or character on that portion of the land occupied by the plaintiff.

"9. That ever since the erection of said school buildings and other improvements by the plaintiff, school district, all of the east half of the east half of the southeast quarter of section 21, township 30, range 16, in Wilson County, Kansas, has been cultivated by defendants Barnes, but the portion occupied by the plaintiff has never been cultivated, but is still covered by the original native sod.

"10. That during all of the time since the erection of said schoolhouse and outbuildings and improvements on such premises, the plaintiff has claimed to be the owner of said premises and has been in the open, notorious, exclusive, continuous and adverse possession thereof.

"11. That the said William Barnes and Emily J. Barnes, Fred Barnes, Rozelle Moulton, J. I. Barnes, Margaret Toomey, Charles Barnes and Sarah

School District v. Barnes.

Stecker, have known and observed the occupancy of plaintiff school district, during all of the time since it has occupied the land in the manner hereinbefore set out.

"12. That the defendant, Prairie Oil & Gas Company, have ever since the 7th day of November, 1900, known of the occupancy of the plaintiff school district in the manner hereinbefore found."

These findings concerned the character of the plaintiff's occupancy of the land in question. The character of that occupancy was fully discussed in the fourth finding made by the court, and it was not necessary to make the additional findings requested.

4. The principal contention of the plaintiff is that the court erred in the conclusions of law and in rendering judgment in favor of the Barnes heirs, giving to them the fee title to the land, and in decreeing that the Prairie Oil & Gas Company had a valid oil and gas lease to the premises. The correctness of the conclusions of law and of the judgment that was rendered depends on the character of the title of the plaintiff to the land. There is no deed to which we can look to ascertain the terms on which the title was transferred. The record of the proceedings of the school-district meetings shows that it was a schoolhouse site that was being acquired. The right to occupy land as a place on which to build and maintain a schoolhouse does not carry with it the right to use and occupy land for all the purposes for which a private owner in fee of the land may use and occupy it. Whatever there is about the land or its use or occupancy by others that in anyway interferes with its occupancy for school purposes, may be removed, and when that is done, the rights of the school district are exhausted. The right to occupy land for school purposes carries with it the right to use the land for all purposes connected with the operation of the school. This includes the right to get water and may include the right to obtain gas or oil therefrom for use in the schoolhouse, but does not include the right to take from the land gas or oil for general commercial purposes nor the right to lease the land for those purposes. There is nothing in the evidence or the findings to disclose that, until after oil was discovered in close proximity to the schoolhouse, the district claimed the right to occupy the premises for other than strictly school purposes. It was not shown that the school district claimed the right to occupy the premises for all purposes; therefore, it must be held that the district was occupying the land for school purposes only. That is as far as the terms of the grant or dedication went and as far as the possession of the plaintiff notified the defendants of the interest claimed by the plaintiff.

The judgment is affirmed.