No. 26,275.

THE BOARD OF DIRECTORS OF SCHOOL DISTRICT No. 115 OF ELK COUNTY, *Appellant,* v. CHARLES W. FLEAK et al., *Appellees.*

SYLLABUS BY THE COURT.

SCHOOLS—*Acquisition of Site—Rights Acquired.* A school district which purchases and pays for land as a school site, no deed being executed, and occupies it as such for more than fifteen years, acquires thereby no rights to the underlying oil and gas. *School District v. Barnes,* 110 Kan. 25, 202 Pac. 849, followed.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed April 10, 1926. Affirmed.

*A. F. Sims,* of Howard, for the appellant.

*C. B. Crawley,* of Howard, and *Chester Stevens,* of Independence, for the appellees.

The opinion of the court was delivered by

MASON, J.: A school district brought this action to quiet title to an acre of land it had occupied as a schoolhouse site for more than forty years. Judgment was rendered quieting its title to the land "for use as a school site by said district and for school purposes only." The plaintiff appeals from the refusal of the court to decree it to be the owner of the tract for all purposes.

In 1923 oil was discovered in the neighborhood. The school board claimed the right to the oil and gas under the school site and desired to develop or lease it. The school district paid $25 for the site in 1883. There was evidence of a deed to the district having been drawn at that time and possibly executed and delivered, but in any event it was never recorded and cannot be found. The grantor testified that it contained a clause stating that it conveyed no mineral rights, and provided for the title reverting when it was not used for school purposes.

The case is quite similar to and is controlled by *School District v.*

Schools and School Districts, 35 Cyc. p. 920 n. 73.

*Barnes,* 110 Kan. 25, 202 Pac. 849. It was there held that land given to and accepted by a school district for a school site was held by it for school purposes only, and its occupancy as such for more than fifteen years did not enlarge its title. The plaintiff undertakes to distinguish the two cases on the ground that there the land was a donation while here the district paid what is claimed to have been an excessive price for it. We do not see that the legal principles involved, or their application, are affected by this difference in the facts.

The plaintiff also cites several other cases which we do not regard as in conflict with the conclusion reached. In one the clause of a deed stating that the conveyance was for the erection of a schoolhouse thereon, and for no other purposes, was held not to result in an estate upon condition either precedent or subsequent, but constituted only a limitation upon the manner in which the property should be used. (*Curtis v. Board of Education,* 43 Kan. 138, 23 Pac. 98.) In another a city was thought competent to receive property willed to it for prospecting for coal and developing a mine. (*Delaney v. City of Salina,* 34 Kan. 532, 9 Pac. 271.) In another a condition of a deed to high-school trustees that a school building should be erected and maintained upon the land conveyed was held to be fulfilled by such erection and maintenance for several years. (*Trego County v. Hays,* 93 Kan. 829, 145 Pac. 847.)

The judgment is affirmed.