No. 29,947.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FINNEY, JOHN W. NOLAN and E. M. SCHREIBER, Interpleaders, *Appellees*, v. (JOHN WELCH et al.) GEORGE W. FINNUP and ALTA S. FINNUP, *Appellants*.

(299 Pac. 600.)

Opinion filed June 6, 1931.

*A. Schulman* and *Fred J. Evans*, both of Garden City, for the appellants.

*W. C. Pearce*, county attorney, and *A. M. Fleming*, both of Garden City, for the appellee.

*H. O. Trinkle*, of Garden City, for the interpleaders.

The opinion of the court was delivered by

DAWSON, J.: This was an action to quiet title to three town lots which the defendant Geo. W. Finnup conveyed to the board of county commissioners of Finney county thirty years ago.

The purpose of the grant in 1901 was to aid in providing courthouse facilities for the county, and the property was so used until August, 1929, at which time a new courthouse authorized by popular vote was completed and occupied. On November 9, 1929, the county board sold the Finnup lots and others which had also been occupied for courthouse purposes from 1901 until 1929. A question of the validity of the county's title prompted the bringing of this lawsuit.

Plaintiff's petition contained the usual allegations of a suit to quiet title. Finnup and other defendants answered with a general denial, and in a cross petition asserted their ownership of the property in controversy, being lots 12, 17 and 18 in block 36, original town of Garden City. The cross petitioners alleged that the purpose of Finnup's deed in 1901 was merely to convey the property to the county so long as the lots should be used for courthouse purposes; that the deed of 1901 was without consideration; that the recitals in the deed and a reference therein to the official journal of the board of county commissioners disclosed the purposes of the grant; and that the termination of the use of the lots for those purposes operated as an abandonment by the county and restored to defendant Finnup his full rights as owner of the fee. Defendants' prayer was for possession and other legal and equitable relief.

The cause was tried without a jury and without dispute of fact. The deed from Finnup to the board of county commissioners dated October 22, 1901, recited a consideration "of one dollar and other consideration to him in hand paid" and that he granted, bargained and sold to the grantees and their successors and assigns forever all his right, title and interest in the real estate lying and situate in Finney county, to wit: Lots 12, 17 and 18 in block 36, "all in the original plat of Garden City as per the commissioners' journal of July 3, 1901."

The habendum clause repeated the recital that the conveyance was to the "said parties of the second part, their successors and assigns forever."

The contents of the commissioners' journal of July 3, 1901, to which the deed made reference, were concerned with the county board's acceptance of a proposition of one Geo. W. Warden, the owner of another tract (lot 11) and buildings thereon, to sell it to the county for $900. Mention of the acquisition of Finnup's town lots appeared in the record only casually to explain why the board deems it advisable to purchase Warden's lot. Indeed, the journal only speaks of the acquisition of one of Finnup's lots presently in dispute. It reads:

"Whereas, The county of Finney is the owner of special warranty deed from Geo. W. Finnup donated for the purposes of use by Finney county of said real property and the building thereon to wit: lot 12, block 36, original town of Garden City, and whereas, Finney county has no permanent courthouse or county building other than the jail building suitable for the needs of said county, and

"Whereas, Finney county has accepted the donation of said Geo. W. Finnup and it is deemed by said board of county commissioners to be the best interest to the people of Finney county and a saving and expense of furnishing other suitable temporary buildings for county officers and court purposes to repair said buildings so donated by Geo. W. Finnup and to extend said buildings and enlarge the same by purchase of the north room thereof, located on lot 11, block 36, of the original town of Garden City, and

"Whereas, Geo. W. Warden, the owner of said lot 11 and the buildings thereon, has proposed to sell the same to Finney county for the sum of $900 in county warrants drawn on the county treasurer of said county, and

"Whereas, The board of county commissioners deem said property to be well worth said sum, and that the purchase thereof is necessary in order to properly furnish said Finney county with suitable temporary quarters for county officers and courthouse building until such time as the people of Finney county by their vote established a permanent courthouse site, and

"Whereas, Finney county has no permanent courthouse building or county building, except the jail building,

"Now, therefore, The board of county commissioners in regular session assembled hereby agree to purchase said building and lot 11, block 36, of and from the said Geo. W. Warden for the sum of $900, . . ." [Dated July 3, 1901.]

The trial court gave judgment for plaintiff quieting its title to the three lots in controversy and also to lot 11 not presently involved.

Finnup and wife appeal. At the onset their counsel assert that the legal question at issue is not the simple one it appears to be, but a very profound one calling for thorough and patient consideration of those abstruse subtleties of law involved in base or determinable fees, estates upon implied conditions, qualified fees with conditional limitations or with conditions subsequent, to treat of which with proper comprehensiveness might require us to resort to authorities like Lyttleton and Coke for their proper determination.

We do not think the case presents any such profound question of law. On the contrary, an express provision of our local statute virtually determines it. R. S. 67-202 provides:

". . . Every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant."

Nothing expressly appears in the conveyance of 1901 to indicate an intention on the part of the grantor that he intended to pass to the grantee anything less than all the estate he held in the property. The recitals of the deed are unqualified and do not hint that the

grant was of a limited estate. The commissioners' journal recites nothing concerning Finnup's intention to limit the estate conveyed by the deed to lot 12, which he apparently had executed prior to July 3, 1901. The journal says nothing whatever concerning the grantor's intention in making the deed of October 22, 1901, which is the basis of the county's title. Neither do we find any foundation for the defendant's claim that the grantor's intention to convey a less estate than the whole is "necessarily implied" in the terms of the grant. In *Curtis v. Board of Education,* 43 Kan. 138, 23 Pac. 98, the heirs of the grantors of a tract of land in North Topeka conveyed for school purposes sought to recover it because the grantee had quitclaimed it to its successor in title, the board of education of the city of Topeka. In some respects the case is not analogous to the one at bar, but the following language in the opinion is instructive and pertinent:

"The authorities are uniform, that estates upon condition subsequent, which after having been fully vested may be defeated by a breach of the condition, are never favored in law, and that no deed will be construed to create such an estate, unless the language to that effect is so clear that no room is left for any other construction. (2 Devlin on Deed, § 970 *et seq.,* and cases there cited.)" (p. 144.)

In *Garfield Township v. Herman,* 66 Kan. 256, 71 Pac. 517, the action was one of ejectment to recover a tract of land which the grantor had conveyed to the *de facto* county of Garfield for courthouse purposes in the town of Ravanna. Eventually the county seat was located elsewhere, and Herman, who claimed under the grantor, sought to recover the property from Garfield township, legal successor of the *de facto* county. The trial court gave judgment for plaintiff, but this court reversed that ruling and held:

"In a deed conveying ground to a county there was a recital that it was to be used for courthouse purposes, but it contained no provisions for forfeiture, or that the property should revert to the grantor under any circumstances. *Held,* that an absolute estate in fee simple was conveyed." (Syl. ¶ 2.)

The scholarly brief prepared by counsel for defendants has been perused with interest and profit, but it does not shake our opinion that the judgment of the district court was correct, and it is therefore affirmed.

HUTCHISON, J., not sitting.