No. 46,973

WALTER GOTHERIDGE, *Appellant*, v. UNIFIED SCHOOL DISTRICT No. 365 IN THE STATE OF KANSAS, and WILBUR LOUK, PEARLINE STEPHENS AND ETHEL CONNER, as representatives of a class, ESTELLA STEIGER, OSCAR M. SCHOONOVER, ANNE M. SCHOONOVER, and the unknown heirs, executors, devisees, trustees, creditors and assigns of M. M. Minkler and Estella Steiger, both deceased, *Appellees.*

(512 P. 2d 478)

Opinion filed July 14, 1973.

*Edwin A. Lee,* of Paola, argued the cause and *L. Perry Bishop* of Paola, was with him on the brief for the appellant.

*Roy L. Cole,* of Garnett, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action to quiet title to a one acre tract

of real estate in Anderson County, Kansas, upon which a school house is located but no longer used for school purposes.

At the time the action was filed the building was being used by the people of the surrounding community as a community center and public voting place.

Deeds in the chain of title pertinent to this appeal will be reviewed briefly.

In 1885 M. M. Minkler and his wife (patent owners) conveyed by warranty deed a one acre tract to School District No. 51. This one acre tract was described as follows:

"Commencing at the N. E. corner of S ½ of NE ¼ of Section Thirty-six, Township Twenty-one (21), Range Twenty (20), thence South Ten (10) rods, thence West Sixteen (16) rods, thence North 10 rods, thence East 16 Sixteen rods to place of beginning, containing one acre more or less *to be used for school purposes, and whenever said School District shall fail to use the same for school purposes the land to revert back to the said M. M. Minkler, his heirs and assigns.* Said School District is to keep the land above described enclosed with a good and lawful fence," (Emphasis added.)

In 1898 M. M. Minkler, a widower, conveyed by warranty deed to Rozelia Eyman the remaining 39 acres of said original 40 acre tract as follows:

"The Southeast Quarter (¼) of the Northeast Quarter (¼) of Section Thirty Six (36) in Township Twenty One (21) of Range Twenty (20), except a certain strip in the Northeast Corner of said tract, described as follows: commencing at the Northeast Corner, running then ten (10) rods South, then Sixteen (16) rods West, then ten (10) rods North and Sixteen (16) rods East to the place of beginning, the amount of land hereby conveyed being Thirty nine (39) acres."

In 1916 Rozelia Eyman and her husband conveyed by warranty deed the remaining 39 acres, plus an adjoining 40 acres to the south, by the following description:

"The Southeast Quarter (¼) of the Northeast Quarter (¼) less one acre in the Northeast Corner *for school purposes,* and The Northeast Quarter (¼) of the Southeast Quarter (¼) of Section Thirty-six (36) in Township Twenty-one (21) of Range Twenty (20)." (Emphasis added.)

Thereafter in 1941 a sheriff's deed to the property in question was executed as a result of a mortgage foreclosure action conveying the property to Travelers Insurance Company by a description which recited "less One (1) acre for school in the Northeast corner thereof."

Thereafter in 1941 the Travelers Insurance Company by a special warranty deed conveyed the property to Walter S. Gotheridge (plaintiff-appellant), by the following description:

"The Southeast Quarter of the Northeast Quarter, *less one (1) acre for school in the Northeast Corner thereof*, and the Northeast Quarter of the Southeast Quarter of Section Thirty-six (36), Township Twenty-one (21), Range Twenty (20) East of the Sixth Principal Meridian." (Emphasis added.)

In 1971, after this action was commenced, a joint tenancy warranty deed was executed by the grandchildren of M. M. Minkler (children of Estella Steiger) to Oscar M. Schoonover and his wife, Anne M. Schoonover (defendants-appellees), conveying the one acre tract in question as follows:

"Commencing at the Northeast corner of the South Half of the Northeast Quarter of Section Thirty-six (36), Township Twenty-one (21), Range Twenty (20), thence South Ten (10) rods, thence West Sixteen (16) rods, thence North Ten (10) rods, thence East Sixteen (16) rods to the place of beginning, containing one acre more or less" . . . "EXCEPT AND SUBJECT TO: Grantors claim no ownership in any buildings located on said premises, and therefore, this conveyance does not include the School House or any out buildings now located on above-described real estate."

The one acre tract of real estate here in question has not been used for school purposes since April, 1964. Since that time the school building located on the one acre tract in question has been used as a community center and public voting place by members of a class, represented by Wilbur Louk, Pearline Stephens and Ethel Conner (defendants-appellees).

The grantors of the one acre tract in 1971, Illa Mae Green, Clifford L. Steiger, Ethel McCusker; and Edward Steiger, and the grantee, Oscar M. Schoonover, were grandchildren of M. M. Minkler. These grandchildren of M. M. Minkler were the sole and only heirs of Estella Steiger who was the daughter of said M. M. Minkler. Estella Steiger died intestate on July 28, 1954. M. M. Minkler died testate on January 7, 1918, and in his last will and testament as shown by the records in Case No. 2191 in the Probate Court of Anderson County, Kansas, his daughter, Estella Steiger, was the sole residuary legatee and devisee. The provision in the will reads:

"I give, devise and bequeath all the rest, residue and remainder of my property, real or personal, and wherever situated, of which I may die seized, to my said daughter, Estella Steiger, to do with the same as she shall see fit."

The one acre tract in question was not listed or described anywhere in the estate of M. M. Minkler in the Probate Court of Anderson County, Kansas.

A number of qualified electors of the school district in question

in Anderson County filed a petition with the County School superintendent on the 21st day of April, 1964 to retain the school building for a community center.

On May 9, 1964, Walter Gotheridge purchased at a public sale an eight foot by ten foot building located on the one acre tract in question. Thereafter Mr. Gotheridge assumed possession and used said building for storage and other purposes. This building is not in controversy in this litigation.

Unified School District No. 365 of the State of Kansas (defendant-appellee) is the successor of School District No. 51 and School District No. 107.

On submission of the matter to the trial court it found that Oscar M. Schoonover and his wife were the owners of the one acre tract in question; that School District No. 365 was the owner of the school house located on the one acre tract in question, and that the members of the class herein represented have the right and permission to use the school house on the one acre tract as a community center. Accordingly, the trial court quieted title to the one acre tract in the name of Oscar M. Schoonover and his wife and issued further decrees in accordance with its findings.

Appeal has been duly perfected from the trial court's judgment.

It is admitted by all parties concerned that the appellant is the sole and only owner of the 39 acres of the 40 acre tract out of which the above described one acre tract was originally conveyed for school purposes.

The fundamental question is whether the deeds in the appellant's chain of title are effective to convey what for brevity and convenience is usually spoken of as the fee of the land servient to the easement for school purposes.

It is not debatable M. M. Minkler in 1885 conveyed the one acre tract for school purposes only, and that he reserved the reversionary interest for himself, his heirs and assigns, "whenever said School District shall fail to use the land for school purposes."

K. S. A. 58-2202 provides in part:

". . . [E]very conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant."

It is established that the word "estate" used in the above quoted statute means "interest", so the statute is to be read as though it were phrased:

". . . [E]very conveyance of real estate shall pass all the interest of the grantor therein, unless the intent to pass a lesser interest shall expressly appear or be necessarily implied in the terms of the grant." (*Platt v. Woodland*, 121 Kan. 291, 298, 246 Pac. 1017; and *Fast v. Fast*, 209 Kan. 24, 27, 496 P. 2d 171.)

The above statute has been liberally construed over the years as one designed to simplify conveyancing. In *Fast v. Fast*, supra, the court said:

"It has also been relied on for the proposition that a conveyance which specifically excepts land previously granted for school or railroad right of way purposes nevertheless conveys the grantor's interest in the land previously deeded, *i. e.*, the servient estate. The exception was held to refer only to the dominant estate, *i. e.*, the easement for school or right of way purposes. *Roxana Petroleum Corp. v. Jarvis*, 127 Kan. 365, 273 Pac. 661; *Barker v. Lashbrook*, 128 Kan. 595, 279 Pac. 12; *Shell Petroleum Corporation v. Hollow*, 70 F. 2d 811 (10th Cir. 1934).

"A corollary of the broad construction given to what is granted is the strict construction given to reservation or exception, or, as was said in *Keller v. Ely*, 192 Kan. 698, 391 P. 2d 132:

" 'In harmony with our statute (G. S. 1949, 67-202), which provides that every conveyance of real estate shall pass all of the estate of the grantor therein unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant, a deed is to be construed strictly against the grantor and to confer upon the grantee the greatest estate that its terms will permit.' (Syl. ¶ 2.)" (p. 27.)

The appellees rely on the language employed by M. M. Minkler in the deed of 1898 conveying the tract to Rozelia Eyman. They argue the deed "specifically stated that the one acre strip, being described by metes and bounds, was excepted from the conveyance, and concludes with the words, 'the amount of land hereby conveyed being Thirty-nine (39) acres.' " They further argue:

"After a careful reading of the wording in the above deeds it is very apparent that neither the plaintiff nor any of his successors in title, commencing with Rozelia Eyman, have ever had a deed describing and conveying anything but the remaining 39 acres of the original 40 acres belonging to M. M. Minkler. If M. M. Minkler had intended to assign his right to the possibility of reverter, he would have used just the description, *SE ¼ of the NE ¼ of Section 36, Township 21, Range 20*, in the above Minkler-Eyman deed shown at No. 3 in the Chain of Title, but this is not what he did. M. M. Minkler did not convey the entire 40 acres to said Rozelia Eyman but specifically excepted and described this one acre tract and also specifically said that 'the amount of land hereby conveyed being 39 acres.' Neither does any subsequent deed use the description to the full original 40 acre tract, but in each deed there is a specific exception of the one acre tract from the conveyance. And, this carries all the way down to the plaintiff when he obtained the Corporate Special Warranty Deed. . . ."

The general tenor of prior Kansas decisions construing the language found in K. S. A. 58-2202 leads us to reject the appellee's argument.

It is generally held that the servient estate in a small tract of land, usually in the form of a strip set apart for highway, railway right of way or school easement purposes, passes with a conveyance of the fee to the abutting tract of which the small tract formerly was a part. The servient estate passes with such a conveyance, even though no express provision to that effect is contained in the instrument. The rule is that such estate passes unless it is excluded by clear, unequivocal, and unmistakable language. (*Shell Petroleum Corporation v. Hollow,* 70 F. 2d 811; *Barker v. Lashbrook,* 128 Kan. 595, 279 Pac. 12; and *Roxana Petroleum Corp. v. Jarvis,* 127 Kan. 365, 273 Pac. 661.)

The reason for the rule was stated in *Shell Petroleum Corporation v. Hollow,* supra, in the following language:

". . . The considerations of sound public policy evoking the application of that doctrine and constituting its undergirder, as well as the mischief sought to be obviated by it, was declared by the late Chief Justice Taft, then Circuit Judge, in Paine v. Consumers' F. & S. Co. (C.C.A.) 71 F. 626, 632, as follows: 'The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases.'" (p. 814.)

The description of the abutting tract conveyed is immaterial—whether the whole tract is conveyed out of which a small tract is excepted, or whether only the remainder of the abutting tract is conveyed. A conveyance of the fee of the abutting tract, out of which a small tract has been carved for easement purposes, passes the fee title to the servient estate in the land embraced within the easement.

In the instant case M. M. Minkler at no time, subsequent to the original grant of the easement to the school district in 1885, mentioned the reversionary interest in the one acre tract in question, either in the subsequent conveyance in 1898 or in his will. To use clear, unequivocal, and unmistakable language reserving the reversionary interest in the one acre tract in himself, when he conveyed the abutting 39 acre tract to Rozelia Eyman, M. M. Minkler should have specifically made reference to his reservation of the reversionary interest. This he failed to do.

Accordingly, the trial court erred in failing to quiet title to the one acre tract of land here in question in the name of Walter Gotheridge, the appellant.

The ownership of the school building herein situated on the one acre tract in question is controlled by *Rose v. School District No. 94*, 162 Kan. 720, 179 P. 2d 181. There a school building was constructed and school maintained on a one acre tract of land conveyed to the school district, wherein the deed provided that in the event the premises were abandoned for school purposes the land therein described should revert to the grantors, with the appurtenances, and the court held the reversion clause in such deed was ineffectual to constitute the buildings a part of the realty and that title thereto and ownership thereof, upon abandonment of the land so conveyed for school purposes did not pass to the successors in interest of the original grantors but remained in the school district.

Hence, Unified School District No. 365, the appellee herein, must deal with the appellant, who is the owner of the land upon which the school building is situated, in resolving its future course of action.

The judgment of the lower court is reversed with directions to quiet title to the one acre tract in the name of the appellant.