No. 52,312

CHARLES M. ROBERTS AND TEXIE P. ROBERTS, Husband and Wife, *Appellees,* v. CLARENCE L. RHODES AND EVELYN K. RHODES, *Appellants.*

(643 P.2d 116)

Opinion filed April 3, 1982.

*Ronald P. Wood,* of Forsyth & Hines, of Erie, was on the brief for the appellants.

*Paul A. Lamb,* of Coffeyville, and Heasty, Emert & Scovel, of Independence, were on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This case is before this court on a Petition for Review of an unpublished opinion of the Court of Appeals filed November 13, 1981, reversing a decision of the Montgomery District Court. The case concerns title to two small adjacent tracts of land deeded to a school more than 70 years ago to be used for school purposes but without reversion or other language of limitation in the deeds. The district court held that when these tracts were no longer used for school purposes, the tracts reverted to the heirs and assigns of the original grantors. On appeal the Court of

Appeals reversed the decision of the district court and held the deeds conveyed fee simple title to the school district.

The school district sold the land in 1971. The defendants Rhodes acquired the tracts by mesne conveyances from the school district. The plaintiffs Roberts claim title to these tracts by deed from the heirs of the original grantors and by reversion, since the land is no longer used for school purposes. We will now look at the wording in the original deeds to the school district as set forth in the "Agreed Statement of Facts" appearing in the record:

"1. That on the 29th day of September, 1902, D. W. Smith and Margaret Smith, husband and wife, made a quitclaim deed to School District No. 35 of Montgomery County, Kansas. The consideration for said deed was One ($1.00) Dollar and contains the following: 'WITNESSETH, That said parties of the first part, in consideration of the sum of One Dollar ($1.00), the receipt of which is hereby acknowledged, do by these presents, remise, release and quitclaim unto said parties of the second part, *their heirs and assigns,* all the following described Real Estate situated in the County of Montgomery and State of Kansas, to-wit: Beginning at the North West corner of the South Half of the Northwest Quarter of Section 10, Township 35, Range 14, running thence East 209 feet; South 418 feet; thence West 209 feet; thence North 418 feet to place of beginning, *it being understood that this grant is made only for school or cemetery purposes.'* That said deed was duly executed by the grantors and recorded in the office of the register of deeds of Montgomery County, Kansas, on the 30th day of September, 1902, at 8:00 o'clock A.M. That at the time of the execution of said deed, D. W. Smith and Margaret Smith were the owners in fee simple of the South Half (S ½) of the Northwest Quarter (NW ¼) of Section 10, Township 35, Range 14.

"2. That on the 9th day of April, 1908, T. A. Stevens and Louella Stevens, husband and wife, made, executed and delivered to School District No. 35 of Montgomery County, Kansas, a quitclaim deed. That said deed contains the following: 'WITNESSETH, That said parties of the first part, in consideration of the sum of Seventy Five and No/100 Dollars, the receipt of which is hereby acknowledged, do by these presents Remise, Release and Quitclaim unto said party of the second part, *its heirs and assigns,* all of the following described real estate, situated in the County of Montgomery and State of Kansas, to-wit: Beginning at a point 418 Feet South of the Northwest corner of the South Half of the Northwest Quarter of Section 10, Township 35, Range 14, running thence East 209 feet; South 209 feet; thence West 209 feet; thence North 209 feet to place of beginning. *It being understood that this grant is made for school and cemetery purposes only.'* That said deed was duly executed by the grantors and recorded in the office of the register of deeds of Montgomery County, Kansas, on April 11, 1908, at 8:00 o'clock A.M." Emphasis supplied.

As may be noted, the two deeds contain the ordinary verbiage of a quitclaim deed except for the following additional phrases:

"1.   .   .   .   [I]t being understood that this grant is made only for school or cemetery purposes."
  "2.   .   .   .   It being understood that this grant is made for school and cemetery purposes only."

Under the agreed statement of facts, the two tracts of land were accepted and used for school purposes for over sixty years. They were not used for cemetery purposes. The understanding that the grant was made "for school *or* cemetery purposes" in the first deed, and "for school *and* cemetery purposes" in the second deed was clearly expressed. However, the grants were used for school purposes. A school district is not legally authorized to operate a cemetery. The difficulty in construing the deeds arises from a failure of the parties to provide for what should happen to the land after it has been used for school purposes for sixty years and then is no longer needed for such purpose. In the case of the second deed which provided the tract was to be used for school *and* cemetery purposes, there was no provision for reversion in case the tract was not used for cemetery purposes. Usually, if it is intended to limit the estate granted, some form of limitation over is required.

The general rule for creation of an estate in fee simple determinable is set forth in the Restatement of Property § 44, p. 121 (1936) as follows:

"An estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land,
  "(a) creates an estate in fee simple; and
  "(b) provides that the estate shall automatically expire upon the occurrence of a stated event."

The difficulty here is that neither deed made provision for the estate to revert or terminate on the occurrence of any stated events.

The statutory direction as to what interest generally should pass by conveyance is set out in K.S.A. 58-2202 as follows:

"The term 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple; and every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant."

See *Fast v. Fast,* 209 Kan. 24, 26-27, 496 P.2d 171 (1972).

Where in the present conveyances to the school district can you find an intent to pass a less estate than one in fee simple? The conveyances run to heirs and assigns of the school district. It is

true that it was understood by the parties that the grants were made for school purposes. It is also true that for over sixty years it was used for school purposes. The understanding under which these grants were made was fulfilled. In the absence of an intent to limit the title shown in the conveyance, either expressly or by necessary implication, the grantors pass all the interest they own in the real estate. The statute 58-2202 merely expresses the following accepted rules of real estate law. Forfeitures are not favored in the law. The general rule is well settled that the mere expression that property is to be used for a particular purpose will not in and of itself suffice to turn a fee simple into a determinable fee. 28 Am. Jur. 2d, Estates § 29, p. 107; 2 Powell on Real Property § 188 (1981); Simes and Smith, Law of Future Interests § 248 (1956); Simes on Future Interests § 46 (1951); 4 Thompson on Real Property §§ 2063, 2064 (1979).

As pointed out in the Restatement, courts have in some cases recognized a special limitation on the interest conveyed which may cause the created interest to automatically expire upon the occurrence of a stated event. Words which are recognized as sufficient to express such automatic expiration include "until," "so long as," or "during," or those conveyances which contain a provision that "upon the happening of a stated event the land is to revert to the grantor." American Law Institute—Restatement of Property § 44, comment l, p. 128. See also 28 Am. Jur. 2d, Estates § 30, p. 109. The conveyances in our present case contained none of these words limiting the period or term for which the grant was made.

It appears safe to say as a general rule the mere statement of the purposes of a conveyance will not limit the extent of the grant. 28 Am. Jur. 2d, Estates § 29, p. 107.

"[M]ere expression of the purpose for which the property is to be used will not in and of itself suffice to limit the estate conveyed." *Choctaw & Chickasaw Nations v. Board of County Com'rs,* 361 F.2d 932, 934 (10th Cir. 1966).

"Although the purpose of the deeds is disclosed, words by which it is declared will not, without more, suffice to limit the estate granted." *Cleary Petroleum Corp. v. Harrison,* 621 P.2d 528, 532 (Okla. 1980).

"[T]he simple phrase, 'for school purposes,' under the circumstances of this case would be insufficient to create a determinable fee." *Trone v. Nelson,* 89 Ill. App. 3d 1000, 1004, 412 N.E.2d 172 (1980).

Among the illustrations appearing in the Restatement of Property appear the following:

"A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B and his heirs to and for the use of the C Church and for no other purpose.' B has an estate in fee simple absolute and not an estate in fee simple determinable." Restatement § 44, comment *m,* illustration 18, p. 130.

Restatement § 45, comment *o,* illustration 12, p. 143, is as follows:

"A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B and his heirs in further consideration that the said grantee shall keep on said property a first class hotel, and shall not use the property for any other purpose than the hotel business.' B has an estate in fee simple absolute."

The early Kansas case of *Curtis v. Board of Education,* 43 Kan. 138, 23 Pac. 98 (1890), follows the general rule. The grantor conveyed property to School District No. 45 by warranty deed containing the provision *"for the erection of a school-house thereon, and for no other purposes."* 43 Kan. at 140. When this deed was challenged by the original grantor, this court as constituted in 1890 held an absolute estate in fee simple passed to the school district. *Curtis* has been followed by this court and remains the law in Kansas.

In *Trego County v. Hays,* 93 Kan. 829, 145 Pac. 847 (1915), the deed there in controversy recited a part of the consideration to be "that the said county erect a building and maintain a county high school therein or revert to the original owner." 93 Kan. at 830. A building was erected at a cost of $28,000.00 in which a high school was maintained for several years. It was held that the school was established and maintained in good faith as a permanent institution. The condition for "permanent" location of a school was held to have been complied with by its maintenance for a reasonable period (11 years) and the grantors had no longer any interest in the property conveyed.

In *Finney County Comm'rs v. Welch,* 133 Kan. 258, 299 Pac. 600 (1931), the basis for the court's holding appears in Syl. ¶ 1 as follows:

"A deed purported to convey all the grantor's title to certain town lots to the county so that they might be used for courthouse purposes, and they were so used for twenty-eight years. Neither the deed nor the references therein to recitals in the journal of the county commissioners pertaining to the acquisition of the town lots intimated that any less estate than the whole was the subject matter of the conveyance. *Held,* the whole of the grantor's estate passed to the county and no right of reversion remained in him when the use of the town lots for courthouse purposes was abandoned by the county."

In that case the courthouse was originally built on the lots in 1901. A new courthouse was built on a new site in 1929, and the former site was abandoned. The construction and use of the 1901 courthouse for 28 years was sufficient to establish fee simple title in the county.

In *Common School District No. 45 v. Lewis,* 177 Kan. 261, 278 P.2d 596 (1955), the school district acquired a tract of land for a school building and school purposes in 1899. The deed contained no restriction on the right of possession and no provision for reversion of title when no longer used for such purposes. The original district was disorganized by statute in 1953 and became a part of District No. 87 after it had failed to maintain school for three consecutive years. It was held the school district owned fee simple title which passed to District No. 87.

It has been held that a school district which fences and builds a school building on a tract of land with consent of the owner may acquire title by adverse possession to the exclusion of the original owner. *Casner v. Common School District No. 7,* 175 Kan. 551, 265 P.2d 1027 (1954); *Walton v. Unified School District,* 203 Kan. 415, 454 P.2d 469 (1969).

However, where school districts have gone into possession of land and constructed school buildings thereon, which are being used for school purposes under an oral agreement or understanding, it has been held no right to lease for oil or gas is granted to the school district. The original owner and successors retain the oil and gas rights under the premises. *School District v. Barnes,* 110 Kan. 25, 202 Pac. 849 (1921); *School District v. Fleak,* 120 Kan. 570, 245 Pac. 150 (1926).

In cases where the deed for school purposes contains a reversion clause providing that when the premises "shall fail to be used for school purposes" they should revert to the grantor, the grantors or their successors generally are held to be the owners on the discontinuance and abandonment of the tract for school purposes. *Thompson v. Godfrey,* 191 Kan. 102, 379 P.2d 269 (1963); *Rose v. School District No. 94,* 162 Kan. 720, 179 P.2d 181 (1947).

However, in *Rose v. School District No. 94,* when the original deed conveyed the premises on an express provision for reverter in event the premises are abandoned for school purposes, it was held the land reverted but the buildings never became a part of

the real estate. In such case the buildings remained the property of the school district which retained the right to sell the same subject to removal by a purchaser.

The appellees Roberts rely on *Gotheridge v. Unified School District,* 212 Kan. 798, 512 P.2d 478 (1973). In *Gotheridge* the deed to the school district contained the following express provision for reversion:

"[O]ne acre more or less *to be used for school purposes, and whenever said School District shall fail to use the same for school purposes the land to revert to the said M. M. Minkler* [grantor], *his heirs and assigns."* 212 Kan. at 799.

In *Gotheridge* there can be little question as to the intent of the parties as to the reversion of the land when abandoned for school purposes. Minkler's interest in the tract from which the one acre was carved passed through mesne conveyances to Gotheridge. Gotheridge's title to the school tract was confirmed. The case does not support appellees' position. In the present case there was no provision for reversion.

After considering all the foregoing cases and authorities we conclude under the facts and circumstances of this case a quitclaim deed from the owner of property to a named school district by which a small tract of land is remised, released and quitclaimed to the school district, its heirs, and assigns, by metes and bounds description, "it being understood that this grant is made only for school or cemetery purposes" and without reversion or other language of limitation used, conveys fee simple title when the land has been accepted and used by the grantee for school purposes for more than sixty years.

Accordingly the judgment of the district court is reversed and the case is remanded with directions to enter judgment for the defendants. The judgment of the Court of Appeals is affirmed.

McFARLAND, J., not participating.

SCHROEDER, C.J. and HERD, J., dissenting.