JESSIE DAVIS v. GEORGE O. THRELKELD *et al.*

No. 10321.

1. STATUTE OF LIMITATIONS—*running of, in favor of adverse possession, not suspended by claimant's death and the minority of his heirs.* The running of the Statute of Limitations in favor of persons in adverse possession of land, is not suspended by the death of the opposing claimant and the descent of his cause of action for the recovery of the land to his minor heirs.

2. JURY'S DISREGARD OF ERRONEOUS INSTRUCTION—*not ground for reversal where facts all admitted, found, or proved by undisputed documents.* A general verdict of a jury, in favor of a person claiming land by adverse possession, made in disregard of an erroneous instruction as to the time when the Statute of Limitations began to run, does not constitute reversible error upon the theory that such instruction, though erroneous, is the law of the case to the jury, where all the facts in regard to possession and other matters material to the rights of the parties were either admitted, proved by uncontradicted documentary evidence, or specially found by the jury, and where judgment can be entered according to the right of the case upon the facts so admitted, proved, or found, without prejudice from the erroneous instruction.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge. Opinion filed December 11, 1897. *Affirmed.*

This was an action of ejectment. The jury returned a verdict for the defendants, and the plaintiff's motion

for a new trial having been overruled, she brought this proceeding in error. The material facts are stated in the opinion.

*J. F. Mason*, for plaintiff in error.

*J. O. Fife* and *W. H. McCamish*, for defendants in error.

DOSTER, C. J. This was an action of ejectment. Thomas Van Meter was at one time the owner of the land. In 1860, a judgment was recovered against him, and the land was sold for its payment. Since 1861, the land has been in the actual, open possession of the original purchaser or her grantees, either in person or by tenants. For the first eleven years this possession was by residents of Kansas; for the next ten years, by non-residents; for the next five, by residents, and since then, by non-residents. The defendants in error claim under this sale and by virtue of these years of possession.

Thomas Van Meter died, leaving a widow, and a child that subsequently died. The widow afterwards married Peter Davis. The plaintiff in error is their daughter. She was born in 1872, and, in 1873, her mother died. Her father died in 1872, the year of her birth, without other heirs than herself. She is, therefore, the sole inheritor of the land in question, provided title did not pass out of Thomas Van Meter by the sheriff's sale in 1860, and provided her claim thereto has not been barred by the adverse possession of the defendants in error and their grantors.

Possession of land must be maintained by resident owners, in order to the running of the Statute of Limitations. It does not run in favor of non-residents, even if in possession by tenants or agents. *Corby v. Moran*, ante, p. 278; *Morrell v. Ingle*, 23 Kan. 32.

Possession was maintained by resident owners of

the land during two intervals of time aggregating sixteen years, before the plaintiff in error sued. The only other ground upon which it is suggested that the plea of the statute can be avoided is the minority of the plaintiff in error, and the two years, following its termination, in which, by section 17 of the Civil Code, she was permitted to sue. This cannot avail. The statute, in bar of a recovery of the land, began to run in 1861, when adverse possession was taken. That was eleven years before the birth of the plaintiff in error. It ran against her mother, for a year after her birth, before the right of action descended to her. The Code declares:

"SEC. 15. Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued," etc.

"SEC. 16. Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. . . . Fourth, An action for the recovery of real property not hereinbefore provided for within fifteen years," etc.

"SEC. 17. Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

The disability which, under the seprovisions of the Code, will temporarily exempt from the necessity of bringing suit, must exist when the cause of action accrues to the person first entitled to sue; not when it descends to others, by inheritance or otherwise. It is a general rule that the Statute of Limitations, once started, will continue to run unless statutory provision for its suspension is made. *Green v. Goble*, 7 Kan. 297; 1 Wood on Limitations (2d ed.), § 6.

1. Statute of Limitations does not cease to run, when.

The plaintiff in error seeks to except her case out of this general rule of law by reason of the change of the prescriptive period from twenty-one to fifteen years, made by the Legislature in 1868. How such change affects the case is not explained — not even suggested; but attention is called to the fact that the court in its instructions charged the jury that the period of adverse holding should be computed from 1868. It is said that this instruction, even if erroneous, was the law of the case to the jury. If it be true that a correct jury-finding, in disregard of an erroneous instruction by the court, constitutes reversible error upon the ground that such instruction, though erroneous, must be treated as the law of the case, it can only be so where the law as given is dispositive of the very right of the case — is of the essence of the things to be done or omitted in order to the existence of the rights claimed. It may be that in such case a reviewing court can adjudge the law correctly only when complaint is made by the aggrieved party. In this case, however, the erroneous instruction did not relate to the existence of the cause of action, but to the period for its enforcement; it related to the remedy and not to the right. It did not cause a *fact* involved in the right of recovery to be adjudged by the jury otherwise than, in reality, it existed. The facts of possession since 1861, as hereinbefore stated, were found by the jury. The time of plaintiff's birth, and the facts showing her inheritance from Van Meter, through her mother, and those pertaining to the residence of some of the former owners of the land and the nonresidence of others, were not in dispute. They were either admitted, or proved by uncontradicted documentary evidence. The jury were told that the period for the commencement of the action dated from

2. **Erroneous instruction not reversible error, when.**

1868. They could not find fifteen years' possession adverse to plaintiff in error, by resident owners, since that time, but they nevertheless found for defendants; and the court, by refusing a new trial, approved the finding, notwithstanding its error as to the matter of time. Had error been committed in plaintiff's behalf as to what constitutes adverse possession, and not merely as to the length of time such possession must exist, the case might be different; but the erroneous instruction relates merely to the period for the enforcement of a proved or admitted right.

It is claimed that the findings of the jury as to possession are in disregard of the evidence. We do not think so. There is ample evidence to support them. It is also claimed that the jury were misled into making these findings by erroneous instructions as to what constitutes adverse possession. We do not think so.

Holding that under the undisputed facts of the case, and the findings of the jury upon those matters which were in dispute, the action of plaintiff in error at the time of its commencement was barred by the Statute of Limitations, it is unnecessary to examine any of the other claims of error made by her. The judgment of the court below is, therefore, affirmed.