No. 37,172

EFFIE T. AYLESBURY, *Appellant*, v. JOHN W. LAWRENCE, *Appellee*.

(199 P. 2d 474)

Opinion filed November 13, 1948.

*H. W. Goodwin*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Don B. Stallings*, of Caldwell, argued the cause, and *Edward T. Hackney*, of Wellington, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for the possession of real property consisting of certain described lots in Caldwell. Judgment was for the defendant as to part of the land. The plaintiff has appealed.

Plaintiff after alleging her residence in Los Angeles and that of the defendant in Caldwell alleged that she was the owner of the legal title to several described lots; that she was entitled to posses-

sion of them and defendant was keeping her out of possession. She prayed for possession. The defendant in his answer disclaimed any title to several of the lots, describing them, and he admitted that he was in possession of the remainder of the described lots, and alleged that he had been in open, notorious and exclusive possession of them for more than fifteen years prior to the filing of plaintiff's petition. He also alleged that he was the owner of certain of the lots on account of a tax deed and of several others on account of a warranty deed, which had failed to correctly describe the land conveyed and he pleaded that the conveyance should be reformed so as to properly describe the lots in question.

The plaintiff in reply denied that defendant had been in adverse possession of the land described for fifteen years; alleged that the tax deed relied on was invalid and denied that the warranty deed referred to had not correctly described the lots. She also alleged that to adjudicate the matter of the warranty deed, which the defendant asked to have reformed, would require additional parties.

The trial court found that the defendant had a superior title to certain of the lots, describing them, by having had adverse possession for fifteen years prior to the commencement of the suit, and found against defendant on his allegations as to the warranty deed and as to the tax deed. Judgment was rendered accordingly—hence this appeal.

Plaintiff's specifications of error are that the court erred in holding that the defendant had gained a superior title to the land by adverse possession and in overruling her motion for a new trial. The first specification really asks us to reëxamine the record and reach a different conclusion as to the facts than was reached by the trial court. This we have never done when there was any substantial evidence to sustain it. Under the second specification no trial error is pointed out.

Plaintiff first argues that when a grantee undertakes to claim by adverse possession real estate which is outside of the clearly defined boundaries of the property conveyed to him, there must be definite proof of notice of the adverse nature of such possession.

There is no doubt about the correctness of that rule. The difficulty of the plaintiff arises when she argues that proof in this record did not have the definiteness required. The facts are that the defendant bought a farm, part of which included the lots in dispute here, platted but otherwise undistinguishable from the ad-

jacent farm land and enclosed by the same fence and upon which some of the farm buildings stood. The lots were not included in the description in his deed but it would be difficult to state a case where it would be more manifest that a grantee intended to claim land adversely to anyone else. Part of the cow barn stood on these lots, part of it on the land described in defendant's deed. He moved on to the land immediately and began to use all the farm buildings. To conclude that this was otherwise than proof of an unconditional intent to claim against all the world would be to conclude that the plaintiff intended to claim title to only part of the cow barn on the farm he had bought. The statement of such a proposition is the best answer to it. The fact that defendant's grantor being the same person from whom plaintiff derived her title 'asked permission of defendant to remain on a portion of the property was undoubtedly persuasive on the trial court that the possession of defendant was adverse. The intent of the parties is the controlling factor. (See *Edwards v. Fleming,* 83 Kan. 653, 112 Pac. 836; *Wiburg v. Stevenson,* 134 Kan. 530, 7 P. 2d 512; *Steinbruck v. Babb,* 148 Kan. 668, 84 P. 2d 907; *Simpson v. Goering,* 161 Kan. 558, 170 P. 2d 831; *Peyton v. Waters,* 104 Kan. 81, 177 Pac. 525; and *Kinne v. Waggoner,* 108 Kan. 814, 197 Pac. 195.)

Plaintiff next argues that during the fifteen-year period defendant claims to have had adverse possession of the property her grantor actually shared possession of it with him. The record disclosed that defendant's grantor asked and received permission of defendant to occupy a small portion of the property in question. Thus he acknowledged defendant's superior title and held under the permission granted by defendant, not by virtue of his own title.

There was ample evidence to sustain the court's finding.

The judgment of the trial court is affirmed.