No. 39,087

LEORA ALICE BARNES CASNER, *Appellant*, v. COMMON SCHOOL DISTRICT NO. 7, SUMNER COUNTY, STATE OF KANSAS, *Appellee*.

(265 P. 2d 1027)

Opinion filed January 23, 1954.

*Russell Cranmer*, of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Gerald L. Michaud, Dale B. Stinson, Jr., Starr Calvert, Jr.*, and *Keith Eales*, all of Wichita, were with him on the briefs for the appellant.

*John A. Potucek*, of Wellington, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action in ejectment. Judgment was rendered in favor of defendant, and plaintiff appeals. Appellant Leora Alice Barnes Casner will be referred to as plaintiff, and appellee Common School District No. 7, Sumner County, as defendant or school district.

Plaintiff in her petition, after stating the corporate existence of defendant, alleged her ownership of the described real estate in controversy and that she was entitled to the possession thereof, but that defendant unlawfully kept her out of such possession. Her prayer was for possession of the described real estate.

Defendant answered, admitting its corporate existence and otherwise denying, generally, plaintiff's allegations. By way of cross-petition, defendant in substance alleged that plaintiff was the granddaughter of one J. A. Seitz who had theretofore, by deed on October 1, 1908, conveyed to the defendant a certain tract of land in the southeast quarter of section 9, township 31, in Sumner County, and that defendant went into possession of such real estate occupying and using the same for public school purposes; that during the year 1913 defendant was building a new schoolhouse and desired additional ground, and obtained from J. A. Seitz, the then owner, a deed to the additional real estate in question adjoining that previously conveyed, and paid Seitz $100 for such deed of conveyance; that the deed was never placed of record and has become lost or misplaced; that in the year 1913 a new schoolhouse was built and a fence and inclosure was constructed along the south, west and north sides of the schoolground, including the additional tract obtained from Seitz in 1913; that the defendant went into the exclusive possession of the entire tract during the year 1913, and has been in actual, visible, open, notorious, adverse, peaceable and continuous possession thereof for more than fifteen years claiming title and ownership thereof, exclusively, against all persons, and particularly against plaintiff and her predecessors in title; that J. A. Seitz constructed a fence along the west boundary line of the schoolground hereinbefore described, including the additional tract obtained by defendant in 1913, and that defendant paid Seitz the sum of $10.95 for one-half of the cost of the erection of said fence, dividing the schoolground from other real estate of Seitz, located immediately west of the school tracts; that after the erection of the fence, the same was

acknowledged by Seitz and the defendant to be the actual west boundary line of the schoolgrounds, the fence being maintained for more than fifteen years and up to the time of the death of Seitz in May, 1933; that from and after the time of the erection of said fence, the defendant has improved, maintained and continuously used the real estate as schoolgrounds, erected a barn, toilets and other equipment upon the second tract obtained during the year 1913, and that the entire tract has been used for school purposes continuously since that date. Defendant's answer prayed for judgment finding and-determining defendant to be the owner and in possession of the real estate, and that title be quieted in the school district. To the answer of the defendant, plaintiff replied by way of general denial. On the pleadings thus framed, the cause proceeded to trial. The jury returned its general verdict finding that the defendant was entitled to possession of the real estate in controversy and that defendant's title thereto should be quieted. Plaintiff filed a motion for new trial asserting that the verdict was contrary to the evidence and that the court's instructions to the jury were erroneous. This motion was by the trial court overruled and plaintiff appeals.

It was stipulated that in the year 1908, J. A. Seitz conveyed to the defendant by deed a described tract of land in the southeast quarter of section 9, township 31, Sumner county for school purposes. Seitz died May 21, 1933.

The record evidence discloses that this action was commenced September 14, 1950. The defendant went into possession of the original school site under the deed from Seitz in 1908. In the spring of 1913 the patrons of the district, including Seitz, decided to build a new schoolhouse. They held a meeting at which Seitz was in attendance. The school district had been previously advised by the county superintendent that it did not have sufficient playgrounds to become an accredited school and needed additional ground in order to meet those requirements. Seitz owned the adjoining real estate which the school district sought to acquire. He wanted $100 for the necessary strip of ground to the west of the original tract; on August 18, 1913, Seitz and his wife executed a warranty deed conveying a tract of land in the same quarter section as the original tract to the defendant school district; that one Louise Meuser, a notary public in that county, on the same date took the acknowledgment and notarized the deed, made a record of it in her notarial

book kept for that purpose, and received a fee of seventy-five cents for taking the acknowledgment. The deed was not recorded and has become lost. The records of the school district disclosed that a check was issued to J. A. Seitz, dated August 16, 1913, for $100 in payment for "add. to school ground"; that following the payment for the additional ground, J. A. Seitz, plaintiff's predecessor in title, individually and with several other patrons of the school district in 1913 erected a fence along the west line inclosing the disputed property along with the school property originally obtained from Seitz in 1908, and that such inclosed land has been occupied by the school district since that date; that subsequent to the construction of this fence and on December 9, 1913, defendant paid Seitz the sum of $10.95 for one-half of the cost of the fence. In the succeeding years defendant erected a barn, toilets, playground equipment, and made valuable improvements on the land in question. After the fence was constructed by Seitz and other patrons, both of the tracts of land were considered as one tract and continuously used as inclosed, and no claim was ever made by anyone to the inclosed property east of the division fence from 1913 until the death of Seitz, May 21, 1933. The first controversy arose between the school district board and the plaintiff and members of her family in the year 1938, when the plaintiff sought to erect a granary on the disputed tract. Nothing more was done until the institution of this action in the year 1950. Defendant kept the schoolgrounds mowed from year to year. Numerous witnesses testified about the building of the fence in 1913; that the entire inclosed tract, including the tract here in dispute, was used for school purposes; that improvements were made from time to time on the property, and that Seitz helped in building the line fence. No useful purpose would be gained by setting out in detail the testimony of the many witnesses, but the mentioned facts are well established by the testimony.

Plaintiff first contends that the verdict of the jury was contrary to the evidence and the court erred in rendering judgment thereon. She recognizes the well-established rule that if there is any evidence to substantiate the general verdict of the jury, it cannot be disturbed and the court's judgment rendered thereon must stand.

Plaintiff relies strongly on the fact that there was no proof of delivery of the deed to the disputed tract in question. A review of the record discloses that there was a delivery of the deed; that it was duly executed and acknowledged before a notary public and

that Seitz was paid the consideration of $100, but the deed had become lost. Title may be acquired by adverse possession for fifteen years (G. S. 1949, 60-304) without a deed if there is a claim of right or of ownership. No paper evidence of a transfer of possession of land held under a claim of the first entry is necessary. Where the possession of real estate is actual, it may commence in parol without deed or writing, and may be transferred and pass from one occupant to another by parol or bargain and sale, accompanied by delivery. (*Tucker v. Hankey*, 173 Kan. 593, 250 P. 2d 784; *Manufacturing Co. v. Crawford*, 84 Kan. 203, 114 Pac. 240.) The general rule is well stated in 2 C. J. S. 590, Adverse Possession, § 72a:

"Where color of title is not required, and where the hostile character and extent of possession are otherwise sufficiently shown, one may acquire adversary title, although his possession is not under a deed or other muniment of title. . . ."

And in 1 Am. Jur. 864, Adverse Possession, § 127:

"Adverse possession may exist independent of title. One who seeks to set up an adverse possession need not have a good title, or in fact any title, except a possession adverse and hostile to that of the true owner under a pretense or color of title. . . ."

Plaintiff's contention that the judgment cannot stand for the reason there was no proof of delivery of the deed, is without merit.

Plaintiff next contends that mere occupancy of the tract and the construction of the fence is insufficient to constitute adverse possession. It may be stated that the question of adverse possession is one of intention. The intent with which the occupant has held possession is to be determined from all of the surrounding circumstances and especially from the acts of the possessor. His intention need not be manifested by words of mouth. (2 C. J. S. 519, Adverse Possession, § 7; *Tucker v. Hankey*, supra.) To constitute adverse possession of land it is not absolutely necessary that there should be inclosures, buildings or cultivation, but the acts done must be such as to give unequivocal notice of the claim to the land, adverse to the claim of all others, and must be of such a character and so openly done that the real owner will be presumed to know that possession adverse to his title has been taken. Applying the foregoing rules to the facts as disclosed by the record in this case, we conclude that defendant did more than merely occupy the premises. Seitz was at the school meeting in 1913 when the question of additional school property was necessary to make it an accredited school.

He owned the property to the west of the original school site. He offered to take $100 for the additional tract. He and his wife executed a warranty deed to it. He was paid $100. Immediately thereafter, Seitz and other patrons of the school district constructed a woven wire fence inclosing the original with the additional tract. He recognized the fence to be the boundary line from the year 1913 until his death in 1933. He made no complaint in his lifetime, and during that period he acquiesced in defendant's making valuable improvements on the additional tract. All of this was evidence from which the jury was justified in finding that defendant had a clear case of adverse possession of the tract of land to the line fence between the Seitz property, owned by plaintiff, and that of the school district. During all of approximately thirty-seven years the possession by the defendant school district was exclusive, hostile, actual, open, notorious and uninterrupted, and the court did not err in entering judgment quieting title in the defendant.

Plaintiff complains of the refusal of the court to give certain requested instructions, and that the instructions given did not correctly state the law applicable to the case. It is not necessary for us to set out the requested instructions and the instructions complained of. Suffice it to say that, in our opinion, the instructions sufficiently covered plaintiff's request and the theory and contentions of each party when read as a whole. It is a cardinal rule in this state that instructions to the jury must be considered as a whole, and all must be considered to determine whether the theory and contentions of each party are presented, and an erroneous instruction does not of itself require reversal if all the instructions considered together substantially state the law of the case. (*Wing v. Mid-Continent Seeds,* 170 Kan. 242, 246, 225 P. 2d 78; 5 Hatcher's Kansas Digest [Rev. Ed.], Trial, § 186; 9 West's Kansas Digest, Trial, § 295[1].)

Plaintiff's objections to one instruction and to the court's failure to give additional instructions are without merit. The instructions taken as a whole did not mislead the jury and they are proper. It follows that the judgment is affirmed.