No. 39,581

Common School District No. 45, *Appellee*, v. (Matilda Lewis, et al., Defendants), Gerald Burr and Jennie C. Burr, *Appellants*.

(278 P. 2d 596)

Opinion filed January 10, 1955.

*Harold G. Forbes,* of Eureka, argued the cause, and *Thos. C. Forbes* and *Harvey D. Ashworth,* both of Eureka, were with him on the briefs for the appellants.

*R. O. Robbins,* of Sedan, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Common school district No. 45 instituted this action to quiet its title to school grounds against Gerald Burr, Jennie Burr, and others. Judgment was for plaintiff and only the Burrs appeal.

The pleadings are quite voluminous for a quiet title action. The issues joined thereby will sufficiently appear from the contentions of the parties without unnecessarily encumbering the record with the pleadings. Reference will be made thereto where necessary.

We shall continue to refer to the original parties as plaintiff and defendants, and to joint common school district No. 87 as district 87. The latter was made an additional party defendant after the Burrs had answered and before the supplemental reply was filed.

The following undisputed facts will be sufficient to present the background out of which the contentions of the parties arise.

In 1899 plaintiff obtained a warranty deed from Wm. D. Marr and R. A. Marr, his wife. It entered into possession of the premises and built a schoolhouse thereon. The land conveyed was described by metes and bounds, ". . . containing one acre and 9 square rods of land. . . ." The deed constituted an outright conveyance of the fee simple title with no reservation that the land was to revert to the grantors if not used for school purposes. It was recorded in 1899. An error occurred in the description relative to the starting point.

In 1905 the same grantors made and delivered another warranty deed to plaintiff in which the starting point was corrected but by inadvertence or mistake in copying the deed a reference obviously was improperly made to a certain quarter section. That deed expressly provided, "This deed made to take the place of deed made August 28th, 1899 and recorded October 3rd 1899 in Book 55 on page 207." That was the exact date of the first deed and the correct reference to its recording. The second deed was also recorded. It likewise constituted an outright conveyance of the fee title without any reversion of the land to grantors if not used for school purposes.

On March 24, 1934, Rhuanna Marr, widow of W. D. Marr, deceased, conveyed by quitclaim deed a part of the northwest quarter of section 1, township 28, range 12, in which the school grounds were located, to F. B. and Ethel Marcy. The deed was recorded. It described the land by metes and bounds, ". . . less School House, 10⅝ Acres. . . ."

In April, 1940, the Marcys conveyed by quitclaim deed the land they had acquired from the Marrs to Lena Jorgensen. In other words the deed to Lena Jorgensen also excluded the school grounds by stating, ". . . less school yard 10⅝ Acres, more or less. . . ." That deed was recorded.

In November, 1945, Lena Jorgensen, a widow, and various others conveyed certain lands by warranty deed to the defendant, Gerald Burr. That description embraced the school grounds and failed to exclude them.

Plaintiff had been in the uninterrupted possession of the school building and school grounds in question since 1899. The school grounds had been fenced in at all times. The building also was used for sunday-school purposes. Sometime after defendant, Gerald Burr, obtained his deed, a discussion occurred for the first time relative to whether the schoolhouse was located on the proper ground. Burr claimed title to the school grounds. He desired to build a hog fence around his farm and inquired whether plaintiff would be willing to build its half of the fence around the school grounds. After some discussion the parties reached an agreement that if plaintiff would buy the woven wire fencing, Burr would do the work and furnish the posts. Plaintiff furnished the wire. When Burr fenced his farm, he did not make the school grounds a part of his farm. He fenced them out of his farm.

During the pendency of this action the legislature enacted laws

1953, chapter 319, and chapter 322 which, among other things, provided for the disorganization of a common school district, such as the plaintiff district, when school had not been maintained within its boundaries for a period of three consecutive school years. They also provided for the transfer and attachment of the entire territory, of all the property and funds (except certain funds not here material) of such school district to another district in the manner therein designated.

After defendants had filed their answer and plaintiff had filed its reply, defendants filed a motion to make district 87 and its officers additional parties defendant for the reason that the plaintiff district had not maintained a school for more than three consecutive years, had been disorganized by legislative enactment and action taken pursuant thereto, and that its territory, including all property and funds of the plaintiff district, had been attached to district 87. The motion alleged that by reason of such facts district 87 was a necessary party to the action and plaintiff no longer had any right, title, or interest therein. The motion to make district 87 a party defendant was sustained. Plaintiff thereafter filed its supplemental reply in which it admitted its disorganization and attachment to district 87; but alleged that at the time the action was filed plaintiff was entitled to the relief sought and constitutionally could not be deprived thereof. The supplemental reply further alleged:

"That within sixty days after the said 12th day of September, 1953, the effective date of the order of consolidation and disorganization, as alleged in the said motion to make additional parties defendant, filed herein by the defendants Gerald Burr and Jennie C. Burr, fifty-one per cent of the electors residing in the territory which comprise said School District No. 45 filed a petition with said School Board of said Joint Common School District No. 87, requesting them not to sell the school building as provided for in Chapter No. 322 of the Laws of the State of Kansas of 1953, a copy of which said petition is hereto attached marked 'Exhibit A' and made a part hereof.

"That the title to the real estate described in plaintiff's petition and amended petition filed herein, on which the school house is located, is now vested in said Joint Common School District No. 87 and the title should be quieted in them in the manner prayed for in said petition and amended petition and the said Joint Common School District No. 87 should be required not to sell the said school building as provided for in said Chapter No. 322 of the Laws of the State of Kansas of 1953, and to retain the school building located upon said real estate as described in plaintiff's petition and amended petition and use the same for neighborhood assemblies, educational, patriotic, and other community activities of the character ordinarily using rural school houses as meeting places."

A copy of the petition was attached to the supplemental reply.

District 87 was served with process but filed no pleadings. The trial court found generally for plaintiff and against defendants. The journal entry of judgment further reads:

"The court further specifically finds that Common School District No. 45 of Greenwood County, Kansas, plaintiff in the above entitled action, was, at the time this suit was commenced, the owner in fee simple and entitled to the possession of the following described real estate situated in Greenwood County, Kansas, to-wit:

"Commencing 20 rods South of the Northeast corner of the Southeast quarter of the Northwest quarter of Section 1, Township 28 South, Range 12, East of the 6th P. M. running thence West 13 rods, thence South 13 rods, thence East 13 rods, thence North 13 rods, to the place of beginning and containing one acre and nine square rods of land.

"At that time none of the defendants had any right, title or interest therein, and the said plaintiff was entitled to have its title quieted as prayed for in its petition against all of the defendants.

"The court further finds that since the commencement of this action the Legislature of the State of Kansas has enacted Chapter 319 of the Laws of 1953 (72-831 GS Supplement) and Chapter 322 of the Laws of 1953 (Section 72-834 GS Supplement) by which laws the said Common School District No. 45 of Greenwood County, Kansas, was disorganized and the territory comprising the said Common School District No. 45 was, by the State Superintendent of Public Instruction of the State of Kansas, attached to the defendants', Joint Common School District No. 87.

"The court further finds that fifty-one percent of the electors residing in the territory comprising the said Common School District No. 45 did, within sixty days after the effective date of the said Order of Consolidation, Annexation and Disorganization, petition the School Board of said Joint Common School District No. 87 not to sell the building located upon said above described real estate in the manner provided for in said Chapter 322 of the Laws of 1953.

"The court further finds that the title to said above described real estate is now vested in the said Joint Common School District No. 87, subject to the right of the patrons of said Common School District No. 45 to use the schoolhouse located upon said real estate for neighborhood assemblies, educational, patriotic, and other community activities of the character ordinarily using rural schoolhouses as meeting places, and the said Joint Common School District No. 87 should not sell the said schoolhouse so long as the same is so used by the said patrons of Common School District No. 45 of Greenwood County, Kansas."

The record fails to disclose defendants moved to strike any of the foregoing findings of fact. The district court rendered judgment in accordance with the facts it had found. Laws 1953, chapter 319 and chapter 322 (G. S. 1953 Supp. 72-831; 72-834) authorize the procedure indicated in the trial court's findings of fact. The statutes

place title to the territory and property of the plaintiff district in district 87, subject to the right to have the schoolhouse retained for the purposes specified in the court's findings.

Defendants argue the trial court erred in admitting evidence of mutual mistake in the execution of the deeds to plaintiff or to show any ownership of the property in plaintiff. They assert the statute of limitations had run on an action to reform the deeds. The contentions cannot be sustained for various reasons. It is sufficient to state only a few of them. This was a quiet title action and not a suit to reform deeds. Plaintiff had a right to introduce any pertinent testimony pertaining to the subject of its possession and ownership. Its testimony was directed principally to its possession and claim of ownership since 1899.

We need give little space to the errors in description contained in the deeds to plaintiff. Defendants' answer admitted plaintiff at all times had been, and was, in the possession of the land described in the petition. That was the specific land to which the court quieted the title. No paper evidence of a transfer of possession of the grounds held under a claim of first entry was necessary. Where the possession of real estate is actual, it may commence in parol, without deed or writing, and may be transferred and passed from one occupant to another by parol or bargain and sale, accompanied by delivery. (*Tucker v. Hankey,* 173 Kan. 593, 250 P. 2d 784, *Casner v. Common School School District No.* 7, 175 Kan. 551, 265 P. 2d 1027.)

In the instant case plaintiff took possession not only of the grounds in 1899, but placed a schoolhouse thereon and, at that early period, undoubtedly other necessary structures not disclosed by the record. The school grounds were at all times fenced out of the farm owned by the various grantors. They remained so when the defendant, Gerald Burr, purchased the farm in 1945. Over that entire period no one except that defendant ever claimed title to the school grounds. Plaintiff argues its title was also established by adverse possession. Defendants contend otherwise. We shall not labor that subject. Plaintiff had title and defendants, as will presently appear, did not.

The deed to the defendant Gerald Burr from Lena Jorgensen and others executed in 1945 was the first deed since 1899 which did not exclude the school grounds from the farm land on which the school building was located. The school grounds clearly had been ex-

cluded in the deed to Lena Jorgensen, from whom Gerald Burr acquired his title. Gerald Burr acquired no title from Lena Jorgensen which she did not have to convey. Moreover, Burr's executed agreement with plaintiff to join in the erection of the fence, which continued the exclusion of the grounds from his farm, constituted recognition of plaintiff's long claim of title.

Defendants argue plaintiff had only the right to use the school grounds for school purposes and that when the school was disorganized, title thereto reverted to the owners, citing *School District v. Barnes*, 110 Kan. 25, 202 Pac. 849. The contention is untenable and the cited case is not in point. As previously indicated, the deeds to plaintiff constituted outright grants of the fee simple title. They did not contain a restricted right of possession or a provision for reversion of title claimed by defendants.

Another rule defeats defendants' claim. No rule of law is better established than the one that a defendant in a quiet title action can defeat plaintiff's claim only by showing a paramount right in himself. He cannot defeat such action by showing a paramount right in some other person, even if the other person should be a co-defendant. (*Brenner v. Bigelow*, 8 Kan. 496.) To the same effect is *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, 135 P. 2d 559. Defendants failed to establish any title in themselves and the opinion might well end here.

We shall, however, briefly treat their remaining contentions. Defendants assert the court erred in refusing to strike all of plaintiff's evidence and also in overruling their demurrer thereto for the reason the evidence disclosed plaintiff no longer had any interest in the property. This contention is based on the theory the pleadings and evidence established plaintiff was disorganized and its territory and property had become attached to district 87 by virtue of the 1953 legislative enactments, heretofore mentioned, and proper action taken pursuant thereto. That contention cannot aid defendants who had no title to the property. It is true the plaintiff district was so attached and title to its property was vested in district 87, subject, however, to the right of fifty-one per cent of the electors residing in the plaintiff district to petition for the continued use of the building for the purposes designated by G. S. 1953 Supp. 72-834 and in the court's findings. Plaintiff's patrons filed the necessary petition.

Defendants next assert plaintiff, as a school district, no longer had

any interest in the future use of the grounds and schoolhouse for such purposes; that the parties in interest were the individual patrons who petitioned district 87 not to sell the property. The contention is unsound. The purpose of the petition was to retain the property for the continued use of all the patrons of the plaintiff district and not merely for those who petitioned therefor. The statute, after providing for such a petition, clearly indicates the future use and disposition of the school building for the purposes prescribed rests in the judgment of the school board. It reads:

"*Provided, however,* That after any such building has been so reserved for community activities, if in the judgment of the school board of the district in which such building is located, such building is no longer needed for such activities, such board may propose the sale of such building in the manner provided by law. . . ." (G. S. 1953 Supp. 72-834.)

It follows the plaintiff district retained an interest in the quiet title action after its attachment to district 87. For the purpose of protecting the continuing possessory right which the law granted the plaintiff, it remained the legal entity, within the legislative intent, with power to exercise that right.

We have not overlooked plaintiff's motion to dismiss defendants' appeal upon grounds therein stated. It need not be discussed. Although the motion may have some merit, it is highly technical and has been overruled.

The judgment is affirmed.