No. 40,071

EARL L. AMES and VELMA J. AMES, *Appellees,* v. WILLIAM BROOKS and BETTY BROOKS, and IZORA W. SHIMER, *Appellants.*

(297 P. 2d 195)

Opinion filed May 5, 1956.

*Robert R. Hasty,* of Wichita, argued the cause, and *George E. Hasty,* also of Wichita, was with him on the briefs for the appellants.

*Lee Garrett,* of Wichita, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action in ejectment. The defendants appeal from a judgment in favor of the plaintiffs and from an order overruling their motion for a new trial.

As originally filed the only defendants were William Brooks and Betty Brooks. On her own motion Izora Shimer was made a defendant. Thereafter the plaintiffs filed an amended petition alleging status of the parties, and that on September 26, 1950, Frances Buckley and Cecil Buckley, husband and wife, conveyed to plaintiffs by warranty deed a tract described as beginning 18 feet north of the southeast corner of a nine-acre tract off of the north side of the southeast quarter of the northwest quarter of section 5, township 27 south, range 1 east, thence west 80 rods, thence north 18 feet, thence east 80 rods, thence south 18 feet to the beginning, in Sedgwick county, (hereafter referred to as tract A), the deed being recorded September 26, 1950, and that on October 19, 1950, Frank Bullinger and Cleo Bullinger, husband and wife, conveyed by warranty deed to plaintiffs a tract described as beginning at the southeast corner of a nine-acre tract off of the north side of the southeast quarter of the northwest quarter of section 5, township 27 south, range 1 east, thence west 80 rods, thence north 18 feet, thence east 80 rods, thence south 18 feet to point of beginning, in Sedgwick county, except the west 20 feet thereof, (hereafter referred to as tract B), the deed being recorded October 20, 1950, and that by virtue of those deeds plaintiffs became the legal owners in fee simple of the lands described; that they were entitled to the possession

thereof but that the defendants were in unlawful possession of the east forty rods of said real estate and refused to deliver possession thereof to the plaintiffs, although demand had been made upon defendants therefor. A second cause of action for the recovery of rents needs no attention.

Defendants filed a single verified answer denying that the above deeds were executed and delivered by anyone having legal title to the real estate described, and alleging that the deeds were a cloud on the title of defendants and should be cancelled and plaintiffs should be barred from any right, title or interest in the real estate. They alleged that defendant Shimer, with knowledge and consent of all persons claiming title had erected a fence along the north line of the thirty-six feet described and that it had been treated by all persons interested as establishing the south line of the real estate north of and the north line of the real estate claimed by Shimer; that said boundary line was established about October 2, 1933, had since been maintained as the boundary line and Shimer had since that date occupied the thirty-six feet and still occupied the same as her own; that she occupied the real estate openly, notoriously, adversely and continuously, claiming to be the owner thereof since October 2, 1933, by reason of which she claimed fee simple ownership thereof, and she alleged tilling of the soil and the erection of permanent improvements thereon, and that her title had not been questioned; that defendants Brooks had enjoyed possession jointly with Shimer, but with her consent, since November 13, 1947; that by reason of the above the statute of limitations, G. S. 1949, 60-304, had run against the plaintiffs and they were barred and estopped from claming any right, title or interest in the real estate. Defendants prayed that Shimer be declared the owner of the real estate and that her title be quieted against plaintiffs.

The plaintiffs filed a verified reply which, in substance, denied new matter in the answer, and renewed their prayer for judgment.

On the issues joined a trial was had in which a jury was waived. Conflicting testimony was received after which the court heard arguments, considered briefs and later found that plaintiffs were the owners of and entitled to possession of the real estate, and that defendants were wrongfully in possession thereof. A judgment was rendered that plaintiffs recover possession from the defendants and that their title to the real estate be quieted against the defendants.

In due time the defendants moved for a new trial alleging er-

roneous rulings of the trial court and that the decision was contrary to the evidence. This motion was denied and in due time defendants perfected their appeal to this court. They specify as error the overruling of their demurrer to plaintiffs' evidence, the rendition of judgment against them and the overruling of their motion for a new trial, but state in their brief there is no reason to argue them separately as, broadly speaking, only two questions are involved which are paramount title and adverse possession. The appeal will be so considered.

Appellants first direct our attention to certain fundamental principles of law concerning which there is no dispute. The first two are that in an ejectment action the plaintiff must rely on the strength of his own title and not on the weakness of his adversary's title (*Haseltine v. Nuss*, 97 Kan. 228, 155 Pac. 55), and that a grantee in a deed acquires no greater title than his grantor had (*Common School District No. 45 v. Lewis*, 177 Kan. 261, 278 P. 2d 596). The second group pertains to the elements of adverse possession and to the proposition that open, notorious, unequivocal and exclusive possession of real estate under apparent claim of ownership is notice to the world of whatever claim the possessor asserts, and it is incumbent on a purchaser acquiring title from another to ascertain the nature of the possessor's claim; that where a grantee undertakes to claim by adverse possession real estate which is without the clearly defined boundaries of the real estate conveyed to him he must enter thereon and claim to own the same adversely to the true owner; that to constitute possession of land it is not absolutely necessary that there be an enclosure, buildings or cultivation, but the acts done must be such as to give unequivocal notice of claim to the real estate, adverse to the claim of all others, and so openly done that the real owner will be presumed to know that the possession is adverse and hostile to him; that no proper evidence of a transfer of title to the land held by the possessor is necessary, but possession of it may commence in parol and without writing and the intention to claim adversely may be manifested by words or acts, and where it is disclosed that a person entered upon and took possession of real estate and since then he and his successor had continued in full possession and used the real estate for their own purposes against and to the exclusion of the one holding the record title for a period of fifteen years, he has obtained title by adverse possession. In support of the several propositions appellants cite and quote at

length from *Johnson v. Clark*, 18 Kan. 157; *Aylesbury v. Lawrence*, 166 Kan. 8, 199 P. 2d 474; *Tucker v. Hankey*, 173 Kan. 593, 250 P. 2d 784; *Casner v. Common School District No. 7*, 175 Kan. 551, 265 P. 2d 1027; and *Kansas Power & Light Co. v. Waters*, 176 Kan. 660, 272 P. 2d 1100. Those decisions, the decisions cited therein and others support the principles of law stated. In *Tucker v. Hankey*, supra, it was held that in case of doubt whether the occupant of the real estate claimed adversely so as to acquire title by adverse possession was a question of fact to be determined by the trial court upon the evidence presented, and on appeal the judgment of the trial court would not be disturbed if supported by substantial competent evidence, and decisions in support are cited.

Appellants' argument with reference to paramount title refers not only to appellees' record title but to their own claims as to adverse possession. At the trial appellees called as a witness an attorney whose qualification to testify does not appear to have been disputed, and who had an abstract of the title before him, who testified as to the common ownership of both tracts prior to 1893, to a conveyance by that owner of tract B in 1903, which by conveyances from intervening grantees finally rested in appellees by the deed to them dated October 19, 1950, as above mentioned and as to a conveyance of tract A in 1909 by that common owner, which by conveyances from intervening grantees finally rested in appellees by the deed to them dated September 26, 1950, as above mentioned. All of the conveyances above mentioned, as well as proceedings to quiet title to tract A by the then owners in 1944 are shown in the abstract and counter abstract, but will not be detailed here. Appellants properly contend that the quiet title suit, to which they were not parties, did not bind them, but we discern no reason why it was not fully effective as to the parties named as defendants. This phase of appellants' contention must be closed with the statement that we have carefully examined the testimony and the exhibits and find that appellees had a clear and connected record title to both tracts involved. They are the owners of record and entitled to possession unless the appellants' claim of title by adverse possession is sustained and we proceed to that phase of appellants' contentions.

With respect to possession of the appellants, their evidence showed that in 1933 Mrs. Shimer purchased from Alma Bullinger a tract about 133 feet wide lying immediately south of tract B and

knew that she was not buying tracts A and B, and that the real estate man (who according to the testimony was the agent of Mrs. Shimer) told her she could farm up to the fence on the north side of tract A and by fifteen years it would be hers and that she was told the same thing by the register of deeds. On cross-examination she stated when she purchased in 1933 she knew all about the 36-foot tract (tracts A and B). She further testified about a conveyance by her to her daughter and son-in-law—the defendants Brooks —in 1947 and it was conceded that her deed to them did not include tracts A and B. She also testified that she had never paid any taxes on those tracts. It is true that she offered testimony tending to prove that immediately after getting her deed in 1933 she went into possession not only of the land conveyed to her by Mrs. Bullinger but of tracts A and B and claimed to own the same; that no one has disturbed her possession or questioned her right, and that after her deed to her daughter and son-in-law, they erected a building which lies across the line between the north line of the real estate conveyed to her by Mrs. Bullinger and the south line of tract B. Had this testimony been undisputed, it would have warranted a judgment in her favor. Other testimony, however, tended to show that Shimer was not in exclusive possession and control, it not being necessary to detail that evidence; that the then owners of the record title had had surveys made and markers set, had paid taxes over the years and had had some conversations with Shimer and Brooks and that Brooks had attempted to buy the disputed real estate from them in 1952.

The trial court heard the matter fully, there is no complaint that any evidence offered was denied admission, nor that any incompetent evidence was admitted, that court had full opportunity to observe the witnesses, and it concluded that appellants had not established their claim of ownership by adverse possession. Under the rule stated in *Tucker v. Hankey,* supra, and in numerous other decisions, the decision and judgment of the trial court, being supported by substantial competent evidence, will not be disturbed on appeal.

The judgment of the district court is affirmed.